Chen v. Whitaker

BIA
Loprest, IJ
A200 150 703

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of November, two thousand eighteen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

JUN CHEN,
> *Petitioner,*

v.                                                    17-940
                                                      NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Adedayo O. Idowu, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Lyle D. Jentzer,
                           Senior Litigation Counsel; Erik R.
                           Quick, Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jun Chen, a native and citizen of the People's Republic of China, seeks review of a March 9, 2017, decision of the BIA affirming a July 29, 2016, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jun Chen,* No. A 200 150 703 (B.I.A. Mar. 9, 2017), *aff'g* No. A 200 150 703 (Immig. Ct. N.Y. City July 29, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Although Chen dedicates the bulk of his brief to challenging the IJ's adverse credibility determination, that determination is not a basis for the agency's decision because the BIA did not reach or rely on it. *Id.* Although Chen provides little in the way or argument on the actual bases of

2

the agency's decision—the lack of nexus to a protected ground and the lack of harm rising to the level of persecution—we address those issues for the sake of thoroughness. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We find no error in the agency's decision.

Past Persecution

Chen claimed that he was detained and beaten by the police in 1988 because he was accused of theft and that he was interrogated and beaten in 2011 because he attempted to visit the home of a pro-democracy activist. The agency reasonably concluded that this past harm was not on account of a protected ground.

To establish eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *id.* § 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010). To demonstrate that persecution is on account of an

applicant's political opinion, the applicant must "show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief," rather than merely from the persecutor's own opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). The persecution may be on account of an opinion imputed to the applicant by the persecutor, regardless of whether or not this imputation is accurate. *See Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005).

Regarding the 1988 incident, Chen did not testify to any facts from which one could infer that police targeted him on account of his political opinion, imputed or otherwise. He testified that the police believed that he committed theft and asked him questions about the theft, not about his political opinion. The agency therefore did not err in determining that this incident did not qualify as past persecution on account of a protected ground. *See Yueqing Zhang*, 426 F.3d at 545.

The agency also reasonably concluded that any harm that Chen experienced in May 2011 when he attempted to visit Liu Xiaobo's house was not because Chinese officials imputed a

4

political opinion to Chen. The IJ inferred that the police officers' actions were because Chen was attempting to enter a private residence uninvited. Chen has not provided any direct evidence that the officers beat him because of an imputed pro-democracy political opinion given that he provided no details regarding the interrogation corresponding to the beating. Although the IJ could have inferred that the beating was on account of an imputed political opinion, "[d]ecisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact." *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) (internal quotation marks omitted)*; see also INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring "*some* evidence" of persecutor's motive).

Chen also testified that he was fired in 1989 after he participated in pro-democracy rallies and protests in China. However, even assuming that Chen was fired because of his political opinion, the agency did not err in determining that this harm did not constitute persecution. *See Matter of T-Z-*, 24 I. & N. Dec. 163, 170-73 (BIA 2007) (holding that to be persecution, economic harm must be "severe," but need not amount to "a total deprivation of livelihood or a total

5

withdrawal of all economic opportunity"); *see also Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (requiring testimony or evidence of financial situation to show "that he suffered a deliberate imposition of substantial economic disadvantage" (internal quotation and citation omitted)). Chen did not testify about difficulty finding new employment or any other form of severe economic harm.

Future Persecution

The agency also did not err in determining that Chen did not have an objectively reasonable fear of future persecution. Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

Because Chen's fear of future harm was based on his political activities in the United States, he had to show a reasonable possibility that Chinese authorities were either already aware, or likely to become aware, of his pro-democracy activities in the United States or after his return to China. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *Shi Jie Ge v. Holder*, 588 F.3d 90, 95-96 (2d Cir. 2009) ("[A]

6

petitioner may also demonstrate a well-founded fear of future persecution by demonstrating that his involvement . . . may become known *after* his return."). The agency reasonably concluded that Chen's participation in pro-democracy activities in New York and on the internet did not necessarily mean that the Chinese government would become aware of his political opinion. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (absent "solid support in the record," an applicant's fear of future persecution is "speculative at best"); *see also Y.C. v. Holder*, 741 F.3d 324, 337 (2d Cir. 2013) (rejecting contention that Chinese officials are likely to become aware of petitioner's activities posted online in the United States because, despite evidence that Chinese authorities monitor the internet and are hostile to certain groups, "it [would] require[] a chain of inferences we are unprepared to draw.").

Because Chen did not demonstrate that he suffered past persecution or that he has a well-founded fear of future persecution, he failed to meet his burden for either asylum or withholding of removal. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

7

Chen has abandoned his CAT claim.  Although his brief set out the CAT standard, it contained only a single sentence of argument asserting a fear of torture on account of religion, which was not a basis for relief that Chen raised below.  *See Yueqing Zhang*, 426 F.3d at 545 n.7.  Given the fact that Chen's brief largely discusses adverse credibility, which is not at issue here, and addresses a religion-based CAT claim unrelated to Chen's case, we caution counsel to brief dispositive issues and the facts and claims relevant to a particular case.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court